UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELIZABETH OHUCHE,

                Plaintiff,

   - against -

MERCK & COMPANY, INC.,

                Defendant.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**11 Civ. 2385 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Pro se plaintiff Elizabeth Ohuche brings this action against Merck

Sharp & Dohme Corp. (formerly known as Merck & Co., Inc.) ("Merck"), alleging

injuries sustained after being injected with ZOSTAVAX®, a vaccine approved by

the Food and Drug Administration ("FDA") to help prevent shingles (herpes

zoster).[1]  Plaintiff originally brought suit in the Supreme Court of the State of New

York, New York County.  Defendant removed the action to this Court on the basis

---

     [1]     Shingles is a viral infection which often causes a painful rash that
turns into clusters of blisters.  Shingles occurs when a previously dormant
chickenpox virus is reactivated in a person's body.  Shingles is most common in
older adults and people who have weakened immune systems.  There is no cure for
shingles.  *See* WebMD, http://www.webmd.com/skin-problems-and-
treatments/shingles/shingles-topic-overview.

of diversity of citizenship.[2]  Defendant now moves to dismiss plaintiff's Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), for failure to state a claim upon which relief can be granted.[3]  For the following reasons, defendant's motion is denied.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on March 12, 2009, her primary care physician, Dr. Itkovitz, injected her against her will with ZOSTAVAX®, a vaccine manufactured by Merck.[4]  A few days later, plaintiff "developed severe headache, fever and high temperature."[5]  Plaintiff's "condition escalated daily with excruciating pains followed by mumps, boils and eruptions all over her face."[6] Plaintiff's "condition is accompanied with wicked clustered and painful rashes which are very difficult to treat" and recur with "more pains, headaches, fever, tingling and discomfort."[7]  Plaintiff's eyesight was also affected as she "lost partial

---

[2]     *See* Defendant's Notice of Removal.

[3]     *See* Defendant Merck Sharp & Dohme Corp.'s Notice of Motion to Dismiss Plaintiff's Complaint.

[4]     *See* Complaint ¶¶ 2-4.

[5]     *Id.* ¶ 5.

[6]     *Id.*

[7]     *Id.*

sight at her right eye when the eruption occurred at her eyelid."[8]  Plaintiff claims

that ZOSTAVAX® caused all of these adverse reactions.[9]  Plaintiff further claims

that her condition has gotten worse over the past two years and that she is "very ill

and confined in bed."[10]  Plaintiff demands that Merck provide "a cure for her

condition" and "compensate her for pains and suffering."[11]

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon

which relief can be granted."[12]  A court should grant a Rule 12(b)(6) motion to

dismiss if the complaint fails to allege "enough facts to state a claim to relief that is

plausible on its face."[13]  In deciding a motion to dismiss, a court may evaluate the

sufficiency of the complaint under the "two-pronged approach" dictated by the

Supreme Court in *Ashcroft v. Iqbal*.[14]  First, the court "'can choose to begin by

---

[8]      *Id.*

[9]      *See id.* ¶¶ 6-7.

[10]     *Id.* ¶ 13.

[11]     *Id.* ¶ 16.

[12]     Fed. R. Civ. P. 12(b)(6).

[13]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14]     556 U.S. —, 129 S. Ct. 1937, 1950 (2009).

3

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"[15]   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.[16]  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[17]

To survive a motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[18]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]  Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[20]  The *Twombly-Iqbal* standard

---

[15]     *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).  *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

[16]     *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

[17]     *Id.* at 1950.  *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

[18]     *Twombly*, 550 U.S. at 564.

[19]     *Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted).

[20]     *Id.* (quotation marks omitted).

4

"applies equally to pro se litigants."[21]  The *Twombly-Iqbal* standard also applies to cases that were originally filed in state court and later removed to federal court.[22]

In deciding a Rule 12(b)(6) motion, a court may not consider evidence offered by a party which is outside of the pleadings.  Rather, a court is limited to reviewing the four corners of the complaint, any documents attached to that pleading or incorporated in it by reference, any documents that are "integral" to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which a court may take judicial notice.[23]  However, where a plaintiff is proceeding pro se, the factual allegations raised in her opposition papers may be incorporated into her complaint, to the extent they are consistent with the allegations of the complaint.[24]  Finally, the submissions of a pro se litigant should be held "'to less

---

[21]     *Hobson v. Fischer*, No. 10 Civ. 5512, 2011 WL 891314, at *3 (S.D.N.Y. Mar. 14, 2011).

[22]     *See, e.g., DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010 (applying *Twombly-Iqbal* standard to a motion to dismiss a complaint removed from state court on diversity grounds).

[23]     *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999).

[24]     *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering pro se plaintiff's affidavit in opposition to defendant's motion to dismiss in reviewing district court's dismissal of claim); *Donahue v. United States Dep't of Justice*, 751 F. Supp. 45, 49 (S.D.N.Y. 1990) ("The policy reasons favoring liberal construction of pro se pleadings warrant the Court's consideration of the allegations contained

stringent standards than formal pleadings drafted by lawyers . . . .'"[25]  District

courts should "read the pleadings of a pro se plaintiff liberally and interpret them

'to raise the strongest arguments that they suggest.'"[26]  These same principles

apply to opposition papers submitted by pro se litigants.[27]

### B.    New York's Product Liability Law

New York law provides for product liability claims "under theories of

negligence, strict liability, or breach of express or implied warranty."[28]  Under New

York law, "a plaintiff may allege that a product is defective for any one of the

following three reasons: (1) design defect, (2) a failure to warn, or (3) defect as a

result of a manufacturing flaw."[29]

---

in plaintiffs' memorandum of law, at least where those allegations are consistent
with the allegations in the complaint.").

[25]    *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404
U.S. 519, 520 (1972) (per curiam)).

[26]    *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting
*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[27]    *See Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003); *Burgos*, 14
F.3d at 790.

[28]    *Lewis v. Abbott Labs.*, No. 08 Civ. 7480, 2009 WL 2231701, at *4
(S.D.N.Y. July 24, 2009).

[29]    *Colon v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 82-83 (S.D.N.Y. 2001).

6

In recognizing a cause of action for strict products liability, [the New York Court of Appeals] stated that the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used . . . for the purpose and in the manner normally intended, (2) that if the person injured or damaged is himself the user of the product he would not by the exercise of reasonable care have both discovered the defect and perceived its danger, and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages.   As the law of strict products liability has developed in New York, a plaintiff may assert that the product is defective because of a mistake in the manufacturing process or because of an improper design or because the manufacturer failed to provide adequate warnings regarding the use of the product.[30]

## III.   DISCUSSION

Defendant relies on *Colon v. BIC USA, Inc.* in arguing that plaintiff has failed to allege a plausible: design defect claim; failure to warn claim; and manufacturing defect claim.[31]   *Colon*, however, involved a motion for summary judgment, not a motion to dismiss.   Thus, defendant's arguments that plaintiff "must establish" or "must show" the various elements for each respective claim are based on the wrong standard and must therefore be rejected.   For example,

---

[30]   *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106-07 (1983) (quotation marks and citations omitted, ellipsis in original).

[31]   *See* Defendant Merck Sharp & Dohme Corp.'s Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint ("Def. Mem.") at 3-5.

defendant states that plaintiff "must *establish* 'that . . . it was feasible to design the product in a safer manner'" in order to allege a plausible design defect claim.[32] Defendant then argues that plaintiff "does not allege – in the abstract or based on the facts required to set forth a claim for which she could recover – that it was feasible for Merck to design ZOSTAVAX® in a safer manner."[33]  Defendant's argument would require a plaintiff to possess technical, scientific knowledge of the inner workings of vaccines in general and the ZOSTAVAX® vaccine in particular. Most doctors do not possess this sort of specialized knowledge.  In fact, only those select few scientists who actually create(d) vaccines at large pharmaceutical firms like Merck would be able to establish the feasibility of a safer product without the assistance of discovery.  In addition, this argument relates to a design defect claim rather than a failure to warn or breach of warranty claim.  Moreover, defendant's argument directly contravenes the notice pleading requirement of Federal Rule of Civil Procedure 8, which still survives the *Iqbal-Twombly* analysis.[34]

---

[32]   *Id.* at 3 (quoting *Colon*, 199 F. Supp. 2d at 83) (emphasis added).  The actual language in *Colon* states that plaintiff "must make a showing" rather than "must establish."

[33]   *Id.* at 3-4.

[34]   The Federal Rules of Civil Procedure require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Furthermore, in her opposition papers, plaintiff does in fact challenge the efficacy and safety of ZOSTAVAX® by stating:

> Defendant claims FDA approval of the Vaccine which took place in 2006 and made it as if the success rate is 100% while in actual fact the Zostavax, a *live* virus does not work for everybody.   It contains *actual live* virus and can be deadly for some people.[35]

To penalize plaintiff for not being more specific about the possible design defects of ZOSTAVAX® would be unfair.   Accordingly, defendant's motion to dismiss is denied.

Nonetheless, plaintiff should amend her Complaint, by the time of the below-scheduled initial conference, to specifically state the particular product liability claim(s) she is asserting (design defect, manufacturing defect, failure to warn) and provide whatever supporting detail she may have available to her. Plaintiff may also amend her Complaint to explicitly assert a breach of warranty claim, express and/or implied.   Finally, plaintiff should consider moving for the appointment of pro bono counsel, forthwith, and should seek the assistance of this Court's Pro Se Office is she decides to do so.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

---

[35]     Pl. Opp. at 1 (emphasis added).

9

The Clerk of the Court is directed to close this motion (Document # 3).  An initial conference is scheduled for Thursday, July 14, 2011, at 4:30 p.m., in Courtroom 15C.  Both parties are directed to appear at the aforementioned date and time. Participation by telephone conferencing is not permitted.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 7, 2011

10

## - Appearances -

**Plaintiff (Pro Se):**

Elizabeth Ohuche
23 East 127th Street
New York, NY 10035
(212) 534-2781

**For Defendant:**

Heather L. Maly, Esq.
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
New York, NY 10020
(212) 307-5500